**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwen L. Meyer, | No. 05-CV-994-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| JoAnne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

**I**

On April 23, 2004, Administrative Law Judge ("ALJ") Norman R. Buls concluded that for the period between January 1, 1999 and July 13, 2002, Gwen Meyer was not disabled for purposes of the Social Security Act. Accordingly, he denied her claim for Social Security benefits for that period. The ALJ, however, awarded benefits for the period commencing July 14, 2002. The Appeals Council for the Social Security Administration denied Meyer's request for review of the unfavorable portion of the ALJ's decision. Meyer then filed this action for review pursuant to 42 U.S.C. § 405(g). We have before us Meyer's motion for summary judgment (doc. 13), defendant's response and cross-motion for summary judgment (docs. 23 and 24), and Meyer's response to defendant's cross-motion and reply in support of her motion (doc. 29).

1  "The Commissioner's decision to deny benefits will be overturned only if it is not
2  supported by substantial evidence or is based on legal error." Morgan v. Comm'r of the Soc.
3  Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (quotation omitted). "Substantial evidence
4  means more than a mere scintilla but less than a preponderance." Young v. Sullivan, 911
5  F.2d 180, 183 (9th Cir. 1990) (quotations omitted).  The ALJ's decision is supported by
6  substantial evidence and is not based on legal error.  Accordingly, we deny Meyer's motion
7  for summary judgment and grant defendant's motion for summary judgment.

## II

### A

10  The ALJ gave little weight to Meyer's subjective statements with regard to the severity
11 and functional consequences of her symptoms.  He concluded that she exaggerated and
12 therefore was "not fully credible." Tr. at 23.  Contrary to Meyer's contention, the ALJ did
13 not thereby commit reversible error.

14  An ALJ may discredit a claimant's allegations based upon inconsistencies or character
15 evidence so long as the ALJ makes specific findings supported by the record. Bunnell v.
16 Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991).  The ALJ made sufficient specific findings.
17 First, in a psychological examination report, Francisco A. Sanchez, Ph.D., stated that Meyer
18 "seemed to magnify some of her symptoms" and that she "expanded on a variety of physical
19 complaints making it very difficult to pinpoint what is causing her problems." Tr. at 857.
20 Second, Meyer worked during December 2000 as a sign language interpreter, and from
21 January 2000 to May 2000 as a substitute teacher.  The ALJ found that the work would not
22 have been possible under the extreme pain that Meyer reported.[1] Tr. at 22-23.  These two
23 factors sufficiently undermine Meyer's subjective statements with regard to her pain.[2]

---

[1] For example, on July 5, 1999, Meyer stated that she needed help dressing and cutting her toe nails, and that it was extremely painful and exhausting to wash or comb her hair. Tr. at 263.

[2] The ALJ also discredited Meyer's subjective pain evidence because the degree of the pain was inconsistent with the objective medical evidence.  This is impermissible if it is the

- 2 -

**B**

The ALJ gave little weight to the opinion of Meyer's treating physician, Lionel R. Duarte, M.D., that Meyer "was unable to perform even sedentary work." Tr. at 23-24. The ALJ concluded that the doctor's opinion was largely based upon Meyer's subjective complaints which lacked credibility, and the doctor's "physical exam findings were minimal." Id. Contrary to Meyer's contention, the ALJ did not thereby commit reversible error.

An ALJ may reject the opinion of a treating physician if it is premised on a plaintiff's subjective complaints which he disregarded. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989). The doctor's opinion appears to be based in substantial part on the symptoms associated with Meyer's fibromyalgia. Tr. at 595-772. The symptoms of fibromyalgia, and the debilitating nature of the pain, are "entirely subjective." Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996); see also Meyer's Memorandum at 11. The ALJ did not err by giving little weight to Meyer's subjective complaints. It follows, therefore, the ALJ did not err by giving little weight to the opinions of Meyer's treating physician which are based in part upon Meyer's subjective complaints.

**C**

The ALJ considered Meyer's sisters' and neighbor's lay statements and found them "unpersuasive, particularly given the objective medical evidence." Tr. at 24. These statements substantially refer to Meyer's memory loss. The ALJ found them inconsistent with the mental status and neurological exams which were normal for part of the period at issue. Tr. at 19-20. The ALJ did not ignore these statements, or give them no weight. He considered the evidence as a whole, and was unpersuaded by them. Contrary to Meyer's contention, this is not reversible error.[3]

---

sole reason for discrediting the subjective pain evidence. Bunnell, 947 F.2d at 346-47. However, it was not the ALJ's sole reason, and the reasons identified above are legally sufficient.

[3] In her motion for summary judgment, Meyer also contended that the ALJ committed reversible error when he failed to consider her friend's statement located in the record at page

- 3 -

**D**

Meyer contends that "the ALJ failed to set forth a clear and concise residual functional capacity assessment and failed to set forth a detailed analysis to support [the] same, as required by SSR 96-8." Meyer's Memorandum at 16. Defendant responded to that general contention, identifying the ALJ's discussion of Meyer's residual functional capacity. Defendant's Memorandum at 5-6. Meyer then expanded upon her contention in her reply, stating that the assessed residual functional capacity "does not account for pain and fatigue"; "is silent as to [her] ability to bend, crawl, climb, reach, stoop, balance, crouch, and kneel"; and "[does not] account for all psychological restrictions and limitations." Reply at 10-11. Defendant was not given an opportunity to address these specific contentions because Meyer raised them for the first time in her reply. Accordingly, we cannot consider those contentions herein.

**E**

With regard to Meyer's claims for benefits for the period between January 1, 1999 and July 13, 2002 ("period one"), the ALJ accorded the opinions of the Disability Determination Services physicians "substantial persuasive weight." Tr. at 23. With regard to Meyer's claims for benefits for the period from July 14, 2002 on ("period two"), the ALJ rejected those same opinions, concluding that they are "conclusory and unsupported by the evidence of the record as a whole," and that in formulating the opinions, the doctors "did not have the benefit of evaluating the updated medical records, seeing the claimant in person, or hearing her testimony at the hearing." Tr. at 25. Meyer contends that the ALJ's decision is flawed because it is illogical to accept and reject the same medical opinions.

While we agree that there are internal inconsistencies, we believe that the ALJ's conclusion is nonetheless supported by substantial evidence. The ALJ concluded that

---

271. Meyer's Memorandum at 16. However, neither party again referred to the statement at page 271, and both focused on the statements at pages 289 to 294, which are discussed above. We therefore consider Meyer's contention with regard to the statement at page 271 abandoned, and we need not consider it herein.

- 4 -

1  Meyer's psychological impairments worsened during period two, tr. at 24, a conclusion which
2  is unchallenged. The doctors' opinions were issued during period one, before Meyer's
3  impairments worsened, and therefore they are of limited relevance to the benefits
4  determination for period two. Therefore, the ALJ rationally accepted the medical opinions
5  with regard to period one, and rejected them with regard to period two.[4]

### III

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 13) and **GRANTING** defendant's motion for summary judgment (doc. 24).

DATED this 5th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[4] The ALJ's decision also implies that the doctors' opinions are both conclusory and not conclusory, which is illogical. However, while Meyer points out this inconsistency, she does not contend that the opinions are conclusory, we do not believe that the opinions are conclusory, and the ALJ's rationale is otherwise sound.